929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rodney JORDAN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 90-1999.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 26, 1991.*
Decided March 29, 1991.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. 89 C 1123, Larry J. McKinney, Judge.
 S.D.Ind.
 AFFIRMED.
 Before BAUER, Chief Circuit Judge, and CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Rodney Jordan appeals the denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2241 challenging the validity of a detainer warrant and the subsequent jurisdiction of the United States Parole Commission to revoke his parole.[1] The court dismissed the suit finding that Jordan failed to exhaust his administrative remedies. Alternatively, the district court reached the merits of the case, and found that the Parole Commission had sufficient evidence to determine that Jordan committed the state crime of forgery while on parole. Jordan brought a timely appeal.[2]
 
 I. FACTS
 
 2
 On March 29, 1985, petitioner Jordan began serving a five year sentence on his federal conviction for Interstate Transportation of a Forged Security. Jordan was transferred from federal prison to a residential community treatment center in Indianapolis on October 28, 1986. Shortly thereafter, Jordan obtained employment as a printer pursuant to a work release program run by the center. On April 3, 1987, Jordan was paroled and released from the halfway house.
 
 
 3
 On April 27, 1987, Jordan was arrested and charged with three counts of forgery in violation of Indiana state law. A jury convicted him on all three counts on February 5, 1988. Jordan received an aggregate sentence of ten years. The United State Parole Commission issued a parole violator warrant against Jordan on February 20, 1988. The warrant was placed as a detainer against Jordan at his place of confinement. On March 23, 1989, Jordan requested a dispositional record review of the detainer pursuant to 28 C.F.R. Sec. 2.47. The application for review provided a space in which the applicant could supply the Parole Commission with additional information for review of the detainer. In this section, Jordan stated that he was not guilty of the state charges and that his conviction was currently being appealed.
 
 
 4
 On April 27, 1989, the First District Court of Appeals of Indiana overturned Jordan's state court convictions on two of the three counts, thus reducing his sentence to five years. In August, 1989, Jordan filed this suit.
 
 
 5
 Jordan contends that insufficient evidence existed to show that the criminal acts resulting in his state court conviction occurred while he was on parole. He suggests that the acts actually took place while he was incarcerated at the halfway house before his parole. Therefore, the Parole Commission was required under 18 U.S.C. Sec. 4214(a)(1)(A) to hold a preliminary hearing to determine whether probable cause existed to believe he had committed a crime while on parole.[3] He claims that the Parole Commission erred in relying on 28 U.S.C. Sec. 4214(b)(1) which provides that a "[c]onviction for any criminal offense subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section."
 
 
 6
 Jordan claims that his fourteenth amendment right to due process of law was violated because the Parole Commission failed to hold a preliminary probable cause hearing to determine when his state offense took place. As such, Jordan challenges the validity of the detainer lodged against him. He argues that because the detainer is invalid, the Parole Commission lacked the jurisdiction to revoke his parole after March 28, 1990, the date the maximum term of his federal sentence expired.
 
 II. ANALYSIS
 
 7
 The district court held that Jordan failed to challenge the Parole Commission's determination that the offense took place while on parole when he applied for a dispositional record review. Therefore, the court held that Jordan waived this issue by failing to exhaust his administrative remedies. Because the district court found that Jordan failed to demonstrate cause and prejudice for his omission, the district court dismissed the petition.
 
 
 8
 Although the court spoke in terms of failure to exhaust, it appears from the facts in this case that a procedural default occurred. Jordan's failure to challenge the date of his subsequent offense when he applied to the Parole Commission for a dispositional review of the detainer constitutes a procedural default. Federal prisoners who procedurally default on their claims must demonstrate cause and prejudice for the omission. Sanchez v. Miller, 792 F.2d 694, 697-99 (7th Cir.1986).
 
 
 9
 Jordan cannot now complain that the commission failed to give him a preliminary probable cause hearing because he failed to request a hearing when he sought review of the detainer. At that point Jordan had the opportunity to present additional information to the Parole Commission and could have challenged the finding that the crimes were committed on parole. That Jordan appealed his state convictions and that two of his three convictions were overturned does not lead to the conclusion that this defense was unavailable to Jordan when asking for review of the detainer. Jordan has not demonstrated cause and prejudice for his default. Because Jordan procedurally defaulted, we do not need to reach the merits of his petition.
 
 The decision of the district court is
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Jordan originally filed this suit as an "Action for Declaratory Judgment" in the United States District Court for the Western District of Missouri. The district court judge ordered that the action should be construed as a habeas corpus petition and transferred the action to the Southern District of Indiana pursuant to 28 U.S.C. Sec. 1404(a)
 
 
 [2]
 Petitioner moved for the appointment of counsel on appeal after the issues were fully briefed. Upon review of the briefs and the record, considering the factors set forth in Wilson v. Duckworth, 716 F.2d 415 (7th Cir.1983) and Maclin v. Freake, 650 F.2d 885 (7th Cir.1981), we find that the appointment of counsel is not warranted in this case. Accordingly, appellant's motion for appointment of counsel is denied
 
 
 [3]
 The pertinent parts of this 18 U.S.C. Sec. 4214 provide:
 (a)(1) Except as provided in subsections (b) and (c), any alleged parole violator summoned or retaken under section 4213 shall be accorded the opportunity to have--
 (A) a preliminary hearing at or reasonably near the place of the alleged parole violation or arrest, without unnecessary delay, to determine if there is probable cause to believe that he has violated a condition of his parole; ...
 * * *
 (b)(1) Convictions for any criminal offense committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section. In cases in which a parolee has been convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer. Such detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.